**SHANK, Plaintiff-Appellant v. INDUSTRIAL COMMISSION, Defendant-Appellee.**

Ohio Appeals, Third District, Hancock County.

No. 450. Decided February 24, 1942.

Jackson E. Betts, Findlay, R. N. Larrimer, Columbus, for plaintiff-appellant.

Robert E. Hall, Assistant Attorney General, Columbus, for defendant-appellee.

## OPINION

By GUERNSEY, P. J.

This is an appeal upon questions of law from a judgment of the Court of Common Pleas of Hancock county, Ohio, in an action pending therein wherein appellant Charles J. Shank was plaintiff, and the appellee Industrial Commission of Ohio was defendant, sustaining a motion of defendant to strike from the files, the second amended petition of the plaintiff for the reason that it did not state a cause of action, and, upon plaintiff not asking to plead further, rendering final judgment therein in favor of the defendant.

The action is one on appeal from an order of the Industrial Commission denying the right of the plaintiff to participate in the state insurance fund.

The legal questions involved in the action of the court in sustaining of the motion to strike, and, upon plaintiff not asking to plead further, entering the judgment aforesaid, are the same as they would be if a general demurrer had been sustained to the petition and petition dismissed.

In his second amended petition the plaintiff alleges all the jurisdictional facts necessary to the maintenance of said action, leaving the sole question to be determined as to whether the facts of the injury alleged in the petition show an injury received in the course of, and arising out of, the injured employee's employment as prescribed in §1465-68, GC.

The only allegations of the petition pertaining to this subject-matter are as follows:

"Plaintiff further alleges that on the 10th day of February, 1940, while in the usual course of his employment for Charles. E. Marshall in Hancock county, Ohio, this plaintiff, Charles J. Shank fell sustaining a fracture of the 12th dorsal vertebrae and a concussion of the brain; as a direct and proximate result of said injury he was disabled for a period in excess of seven days."

"Plaintiff further alleges that after arriving at his place of employment, which was the store of Charles E. Marshall in Findlay, Ohio he was compelled to return from his place of employment at the store to his residence across the street therefrom on a mission entirely for the benefit of his employer, to wit, to obtain keys for the purpose of opening the door and that while on said trip across the street on a mission solely for the benefit of his employer he fell and sustained the injury as hereinbefore set out."

In the first paragraph above quoted the plaintiff alleges the occurrence of an injury to him in the usual course of his employment, but does not allege any facts showing that such injury arose out of his employment, so that if there is any allegation of such facts it must appear in the second quoted paragraph.

An examination of the allegations of the second quoted paragraph discloses that the plaintiff had a fixed place of employment which was the store of Charles E. Marshall in Findlay, Ohio, and that on the date mentioned, after arriving at this fixed place of employment he was compelled to return therefrom to his residence across the street. While he characterized such return as being "on a mission entirely for the benefit of his employer", he, by the use of the word "to-wit" following the quoted phrase and preceding the phrase "to obtain keys for the purpose of opening the door", calls attention to a more particular specification of what has preceded. Webster's New International Dictionary, Second Edition, page 2939. This more particular specification shows the mission of plaintiff to have been the obtaining of keys for the purpose of opening the door, and that his characterization of this act as "a mission entirely for the benefit of his employer" was simply a legal conclusion as to the effect of such act not warranted by the facts and not constituting an allegation of fact.

The use of the phrase "on a mission solely for the benefit of his employer" in the clause following the above quoted clauses is simply a repetition of the legal conclusion mentioned and does not in any way broaden or add to the more particular specification of the act done by the plaintiff following the first legal conclusion as to the effect of the act.

This being the case, the allegation mentioned giving the plaintiff the benefit of any inference that may be drawn from the facts pleaded that the unlocking of the door of his place of employment constituted a part of the duties of his employment, affirmatively show that the plaintiff, at the time he sustained his injuries, had not unlocked the door of or entered his fixed place of employment and consequently had not entered upon the duties of his employment, and the injuries occurring to him were not sustained by reason of any risk encountered in the activities, conditions or environments of the work he was employed to do. **Industrial Commission v. Gintert, 128 Oh. St., 129; Highway Oil Company v. State ex rel Bricker, Attorney General, 130 Oh. St., 175; Ashbrook v. Industrial Commission, 136 Oh. St., 115.**

The instant case is distinguishable from the case of **Outland v. Industrial Commission, 136 Oh. St., 489,** in that the plaintiff in that case had no fixed place of employment as the plaintiff in this case had.

As the allegations of the petition fail to show that the injury sustained by plaintiff arose out of his employment the petition did not state a cause of action and the court did not err in its judgment sustaining the motion to strike the petition from the files, and, upon plaintiff not asking to plead further, rendering final judgment in favor of defendant.

For the reasons mentioned the judgment will be affirmed at costs of appellant and the cause remanded for execution.

CROW and JACKSON, JJ., concur.